J-S13034-17

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHARLES JACKSON | |
| Appellant | No. 530 EDA 2015 |

Appeal from the PCRA Order January 6, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0330781-1992

BEFORE: BENDER, LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 07, 2017**

Appellant, Charles Jackson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely. We affirm.

On May 28, 1992, the trial court convicted Appellant of possession with intent to deliver. Appellant failed to appear at sentencing, but was ultimately apprehended and sentenced to two to four years' imprisonment on April 12, 1999. Appellant did not file a direct appeal.

Appellant filed his first PCRA petition *pro se* on March 19, 2013. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[2] "no merit" letter

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

and a motion to withdraw. On November 3, 2014, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, to which Appellant responded *pro se*. On January 6, 2015, the PCRA court dismissed Appellant's petition as untimely and granted counsel's motion to withdraw. Appellant timely filed a *pro se* notice of appeal on February 2, 2015. A review of the record and docket reveals the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In his petition, Appellant alleges exculpatory evidence would have changed the outcome of his trial. We conclude Appellant is not entitled to relief.[3]

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

---

[3] This Court granted the Commonwealth an extension of time to file a brief on or before December 19, 2016. However, the Commonwealth has failed to file a brief. In response, Appellant filed a *pro se* "motion to expedite [the] Superior Court[']s decision through default judgment" based on the Commonwealth's failure to file a brief in a timely manner. Nevertheless, Appellant's motion is denied. ***Cf.*** Pa.R.A.P. 2188 ("If an appellee fails to file [its] brief within the time prescribed by these rules, or within the time as extended, [an appellee] will not be heard at oral argument except by permission of the court.").

> [T]he PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). Pursuant to 42 Pa.C.S. § 9545(b)(3), "[a] judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time seeking such review." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

When a petition is filed outside the one-year time limit, the petitioner must plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirements. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to

- 3 -

consider the merits of the petition." (citation omitted)).    The three

exceptions to the general one-year time limitation are:

> (i)  the failure to raise the claim previously was the result of  interference  by  government  officials  with  the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts  upon  which  the  claim  is  predicated  were unknown  to  the  petitioner  and  could  not  have  been ascertained by the exercise of due diligence; or

> (iii) the  right  asserted  is  a  constitutional  right  that  was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, Appellant's judgment of sentence became final on May 12,

1999, as he did not file a direct appeal.   Therefore, his current petition,

which was filed almost fourteen years later on March 19, 2013, is facially

untimely.   Moreover, Appellant has not asserted that any of the timeliness

exceptions in Section 9545(b)(i)-(iii) apply in this case.   Indeed, his brief is

devoted to the collateral consequences of the underlying conviction on a

subsequent federal conviction.    Accordingly,  the  PCRA  court  lacked

jurisdiction to consider the merits of Appellant's claim, and we affirm the

dismissal of Appellant's untimely PCRA petition.[4] **See Johnston**, 42 A.3d at 1126.

Order affirmed. Appellant's *pro se* "motion to expedite [the] Superior Court[']s decision through default judgment" denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2017

---

[4] A review of the record indicates Appellant is currently incarcerated. Although we are unable to determine whether Appellant is still serving his sentence at this docket, we decline to remand for a determination on this matter, as Appellant's untimely petition remains jurisdictionally barred.